UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| DEVIN MAURICE HARMON,<br>Institutional ID No. 82114-511<br><br>Plaintiff,<br><br>v.<br><br>JOHN BRADFORD, III, *et al.*,<br><br>Defendants. | No. 6:26-CV-00299-H |

**ORDER**

On August 20, 2026, Devin Maurice Harmon filed a handwritten "Demand Letter of Intent" which referenced a criminal proceeding in this Court that concluded on July 31, 2026. *See USA v. Harmon*, Crim. No. 6:25-CR-00031-H-01. In that case, Harmon was found guilty of counts 1 through 7 of a superseding indictment filed October 8, 2025. *See id.*, Dkt. No. 228. After screening the letter, the Court noted that Harmon appeared to seek monetary relief based on the incidents described, construed it as a new civil rights complaint, and directed the Clerk to open a new civil action against John Bradford, III, and the Texas Department of Public Safety. The Court then entered a notice of deficiency requiring Harmon to file an amended complaint on the required form and to cure the filing fee deficiency. *See* Dkt. No. 5.

On September 1, 2026, the Court received another handwritten letter from Harmon titled "Legal Notice of Intent Formal Complaint Against the Office of the Clerk U.S.D.C. Northern District of Texas San Angelo." Dkt. No. 6. In his letter, Harmon requests that this case be dismissed, and the documents be "rightfully filed against the U.S.D.C.

Magistrate Judge John R. Parker and AUSA Whitney Ohlhausen James," as "legal notice to correct this miscarriage of justice within the next (14) days." *Id.* at 3.

Federal Rule of Civil Procedure 41(a) permits a plaintiff to dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer. The Court finds that Harmon's second notice, Dkt. No. 6, serves as a self-executing notice of voluntary dismissal under Rule 41(a). The Clerk is directed to close this case.

To the extent Harmon intended to file a separate lawsuit against Judge Parker and AUSA James, the Court declines to construe his pleading as a new civil-rights complaint because he has not paid the required filing fee and he is not eligible to proceed *in forma pauperis.* Under the three-strikes provision of 28 U.S.C. § 1915(g), if a prisoner-plaintiff has had three or more actions dismissed as frivolous or for failure to state a claim, he is barred from proceeding IFP in a civil action unless he demonstrates that he is under imminent danger of serious physical injury. Harmon has acquired at least three strikes.[1] And his legal notice of intent alleges no imminent danger of serious physical injury.[2] In short, Harmon

---

[1] A cursory search of the national database shows that Harmon has filed more than 20 civil actions, and he has accumulated at least three strikes. *See Harmon v. City of Glendale, et al.,* No. 2:12-CV-09118-UA-AGR (C.D. Ca. Nov. 6, 2012) (dismissed as frivolous and for failure to state a claim); *Harmon v. Superior Court of the County of Los Angeles, et al.,* No. 2:18-CV-07400-JLS-AGR (C.D. Ca. Sept. 20, 2018) (dismissed as frivolous and for failure to state a claim); *Harmon v. Ries, et al.,* No. 3:01-CV-00892-H-RRB (S.D. Ca. Aug. 17, 2001) (dismissed for failure to state a claim); *Harmon v. Leapheart, et al.,* No. 3:01-CV-00890-H-RRB (S.D. Ca. Oct. 12, 2001) (dismissed for failure to state a claim); *Harmon v. Los Angeles County, et al.,* No. 2:13-CV-09523-UA-AGR (C.D. Ca. Jan 14, 2014) (dismissed for failure to state a claim); *Harmon v. Smith, et al.,* No. 6:21-CV-01834-RRS-PJH (W.D. La. May 25, 2022) (dismissed as frivolous and for failure to state a claim). This list is intended to show only that he has more than three strikes—it is by no means an exhaustive list of Harmon's litigation activity.

[2] Additionally, the Court will not construe the letter as a lawsuit against the San Angelo Clerk's office because the Clerk acted under the Court's direction and, as a result, is entitled to absolute immunity. *See Kibbey v. Collin Cnty. Det. Facility*, No. 4:21-CV-799, 2023 WL 2541465, at *2 (E.D. Tex. Feb. 22, 2023) (collecting cases and explaining that absolute immunity has been extended to officials who work in "quasi-judicial" roles—such as court clerks who act in accordance with court orders, court rules, or at a judge's discretion), *report and recommendation adopted,* No. 4:21-CV-799,

may not pursue his claims without prepayment of the filing fee. Thus, if he intends to file a new lawsuit, he must use the court-approved form for prisoner civil-rights complaints and he must prepay the $405 filing fee.

Any pending motions are denied.

So ordered.

Dated September 2, 2026.

JAMES WESLEY HENDRIX
United States District Judge

2023 WL 2527858 (E.D. Tex. Mar. 15, 2023). In any event, Harmon has not alleged that the Clerk's ministerial action caused him any injury—much less placed him under imminent danger of serious physical injury.